### GILBERT v. REINHARDT NUMBERING MACHINE CO. et al.

(Circuit Court, E. D. New York. December 7, 1893.)

**1. PATENTS—INFRINGEMENT.**
  One who appropriates the idea of a patent, and perhaps improves upon the invention, but without really reducing the number of elements in the combination, is an infringer.
**2. SAME—INVENTION—NUMBERING MACHINE.**
  The Bowman patent, No. 166,681, for an improvement in consecutive-numbering machines, shows invention, and is valid.

In Equity. Suit by William J. Gilbert against the Reinhardt Numbering Machine Company and others for infringement of a patent. Decree for complainant.

Edward C. Davidson, for plaintiff.
Edward A. Greeley, for defendants.

WHEELER, District Judge. This suit is brought upon the third claim of letters patent No. 166,681, dated August 17, 1875, and granted to Thomas S. Bowman for an improvement in consecutive-numbering machines. In these machines the nine numbers are placed on the faces of wheels, for units, tens, hundreds, and so on, hung on a shaft in a box, and are brought up to place to print the numbers consecutively from 1 upward by automatic contrivances

moving the wheels along around the shaft consecutively one after another. Ciphers are not wanted so constantly as the figures are which print units, but only for printing tens and multiples of tens. If they are made stationary on the wheels with the numbers, they print ciphers when not wanted. To avoid this, M. Duchateau, in a certificate of addition made January 26, 1865, to French patent No. 16,299 of April 26, 1856, describes placing the cipher on a movable stem dropping into a recess in the shaft when not wanted, and brought out when wanted by the movement of the shaft, in a machine having three numbering wheels moved by hand. In Bowman's patent the ciphers are each placed on such a movable stem having a stud, which a cam around the shaft that is stationary holds down by a projection when the cipher is not wanted, and works against and moves, carrying the stem and bringing the cipher up to place, when it is wanted. In the defendants' machine the cam is made on the shaft, and by a projection holds the stem down when the cipher is not wanted, and, working against the stud, brings the cipher up to place when it is wanted. Bowman could not, at the time of his invention, be the first inventor of dropping the cipher out of the way when not wanted in a numbering machine, for Duchateau had before that done the same thing. He could be, and appears to have been, an original and the first inventor of means for doing it in his more complex and extensive automatic machine. These means are the combination of the wheel carrying the numbers, the stem carrying the cipher, with its stud, the cam, and the shaft supporting the wheel and cam, which is the combination of this third claim. This claim, therefore, seems to be valid.

The cam formed on the defendants' shaft is the same, in form and operation, as that formed about Bowman's shaft, and the defendants' shaft and cam upon it are equivalents of Bowman's shaft and cam about it; the shape of the foot of the defendants' stem makes it operate like the stud of Bowman, and it is the equivalent of his stem and stud; and these parts in each machine are combined with like numeral wheels. The patent under which the defendants operate may be an improvement upon Duchateau's as improved by Bowman's, but it does not appear to be an improvement upon Duchateau's independent of Bowman's. The defendants do not come within Railway Co. v. Sayles, 97 U. S. 554, but are rather brought within Imhaeuser v. Buerk, 101 U. S. 647. The defendants appear to have taken Bowman's idea, and not really to have reduced the number of elements of the combination of this claim. The stud and stem appear to be really one piece with two names. The defendants, therefore, appear to infringe. Let a decree be entered for the orator.